**WEI SHI, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

**No. 07–5760–ag.**

United States Court of Appeals, Second Circuit.

Oct. 31, 2008.

Michael Brown, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Douglas E. Ginsburg, Senior Litigation Counsel; Ari Nazarov, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Wei Shi, a native and citizen of the People's Republic of China, seeks review of a December 6, 2007 order of the BIA affirming the February 13, 2006 decision of Immigration Judge ("IJ") Terry Bain denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wei Shi,* No. A 98 358 508 (B.I.A. Dec. 6, 2007), *aff'g* No. A 98 358 508 (Immig. Ct. N.Y. City Feb. 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we may review the entire IJ decision rather than confining our review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir. 2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be com-

pelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir. 2007).

We conclude that substantial evidence supports the agency's adverse credibility determination. The IJ accurately identified a significant inconsistency between Shi's testimony that he was detained for almost twenty days after his second arrest, and his written application stating that his family members rescued him that "same day night." When confronted with this discrepancy at his hearing, Shi stated, "on the same night, they found people to help me to get out, but I didn't get out. They dragged it out for a long time." The IJ reasonably rejected that explanation where Shi failed to address why he did not indicate in his application that a lengthy period of time had passed before he was released from detention. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Thus, given that this inconsistency involved the crux of Shi's claim that he was persecuted due to his involvement with Falun Gong, it substantiated the agency's adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).[1]

The agency also properly identified a material omission in the evidence Shi presented. Shi testified that the friend who introduced him to Falun Gong informed him that the village committee had tried to arrest him. Despite this testimony, Shi's friend did not mention this attempted ar-

---

1. As we stated in *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 166–67 (2d Cir.2008), our decision in Secaida–Rosales has been abrogated by the REAL ID Act. However, because Shi's asylum application was filed in April 2005, the REAL ID Act does not apply. Thus, the agency properly considered the materiality of the inconsistency at issue in determining whether it undermined Shi's credibility.

rest in his letter. When asked why his friend omitted that information, Shi stated that he had "no idea." Shi asserts for the first time in his brief to this Court that he "never testified that he learned the news of the cadres [sic] visit to his friend's home directly from the same friend." We will not consider that explanation where the BIA never had the opportunity to do so. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121–22, 124 (2d Cir.2007) (describing issue exhaustion as "mandatory"). Because this omission was material to Shi's alleged well-founded fear of persecution, it supported the agency's adverse credibility determination. *See Secaida–Rosales*, 331 F.3d at 308.

Further, the agency properly relied on the absence of certain corroborative evidence to support its decision. The IJ found that Shi should have provided a letter from the coworker who had taken photographs of him allegedly practicing Falun Gong. Shi's failure to corroborate his testimony in this manner bore on his credibility, because his deficient corroboration rendered him unable to rehabilitate testimony that had already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir.2007).[2]

The above findings constitute substantial evidence supporting the agency's adverse credibility determination. Thus, the agency's denial of Shi's applications for asylum, withholding of removal, and CAT relief was proper to the extent that each claim rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *see also Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d

Cir.2005). Accordingly, we need not reach the IJ's remaining findings.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**2.** Despite Shi's arguments to the contrary, the IJ was not required to show that this evidence was reasonably available to him before relying on a lack of corroboration to support her adverse credibility finding. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006) (holding that an IJ need not first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant when he or she is not otherwise credible).